UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:09-CV-043

| | |
|---|---|
| VANESSA BEASLEY, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SESSOMS & ROGERS, P.A., LEE C. ROGERS, and PALISADES COLLECTION, LLC,<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

This case involves claims by Plaintiff Vanessa Beasley ("Plaintiff") alleging that Defendants Sessoms & Rogers, P.A. ("S&R"), Lee C. Rogers ("Rogers"), and Palisades Collection, LLC ("Palisades") (collectively "Defendants") violated the Fair Debt Collections Practices Act (FDCPA), 14 U.S.C. §§ 1692 *et seq.*, in attempting to collect a debt all parties acknowledge Plaintiff owed. Plaintiff's putative class action claims revolve around a single letter, attached to the Complaint as Exhibit A, sent to Plaintiff in Defendants' lawful effort to comply with the FDCPA and collect the debt owed by Plaintiff.

In her Complaint, the proposed class representative Plaintiff selectively quotes from the letter, and purposefully omits language in the letter complying with the FDCPA. The Complaint then concludes (using the hyper-literal word parsing rejected by the courts in these types of cases) the letter violates the FDCPA by using false, deceptive, or misleading representations, and by failing to comply with the FDCPA's requirements for the contents of a notice of debt.

Whether the letter attached to the Plaintiff's Complaint, on its face, violates the FDCPA is a question of law. Taken as a whole, it clearly does not. Thus, Plaintiff's own Complaint

makes clear that her claims under the FDCPA fail as a matter of law, and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following facts in the Complaint, which are accepted as true solely for purposes of this motion.

Plaintiff incurred a consumer debt to Heilig Meyer for furniture for her home. (Compl. ¶¶ 24-25.) Plaintiff's debt went into default and was acquired by Palisades, a collection agency. (Compl. ¶¶ 20, 26-27.) Palisades retained the Sessoms & Rogers ("S&R") law firm to assist them in collecting the debt. (Compl. ¶¶ 7, 28.)

Defendant Rogers is an attorney, and a partner at S&R. (Compl. ¶¶ 13-14.) Palisades, S&R, and Rogers all engage in the collection of consumer debts and regularly attempt to collect consumer debts due to another using the mail and telephone. (Compl. ¶¶ 10-11, 16-17, 21-22.)

S&R sent a letter dated April 8, 2008, signed by Rogers, to Plaintiff in an attempt to collect the debt. (Compl. ¶¶ 29, 31, 48.) Plaintiff quotes selectively from the letter in her Complaint, although a complete unsigned copy of the letter is attached to it. (See Compl. ¶ 30, Ex. A.)

The body of the letter, in its entirety, reads as follows:

> Please be advised that your Heilig Meyer account has been sold to and is now owned by Palisades Collection, LLC. Our firm has been retained by Palisades Collection, LLC to assist them in the recovery of that debt. Please take notice that you are in default under the terms of your credit agreement. Because of your default Palisades Collection, LLC has declared the entire balance due and payable. The outstanding balance of the debt is $1,211.84. You should be aware, however, that interest may still be continuing to accrue on the account.
>
> If you dispute this debt, you must advise us within thirty days from your receipt of this notice as to the nature of your dispute. If we receive such a dispute from you, we will obtain verification of the debt and mail a copy of that verification to you. We will assume the debt is valid unless you dispute it, in

whole or in part, within that thirty-day period. As we indicated to you above, Palisades Collection, LLC was not the original creditor. You also have thirty days to request, in writing, the name of the original creditor.

If you do not dispute this debt, and wish to make payments on the account, you may do so by contacting our office at (800) 580-6953. ***All future payments on this debt must be sent to our office at the address above to ensure proper credit to your account***. Please be advised that this is an attempt to collect a debt, any information obtained will be used for that purpose, and this communication is sent to you in our capacity as a debt collector.

(Compl. Ex. A (emphasis in original).)

In the Complaint, however, Plaintiff omits large portions of the second and third paragraphs, including passages in compliance with the FDCPA, in order to state her claims. The Complaint quotes the letter as follows:

If you dispute this debt, you must advise us within thirty days from your receipt of this notice as to the nature of your dispute. If we receive such a dispute from you, we will obtain verification of the debt and mail a copy of that verification to you.

\*\*\*

Please be advised that this is an attempt to collect a debt, any information obtained will be used for that purpose, and this communication is sent to you in our capacity as a debt collector.

(Compl. ¶ 30.) Obviously, Plaintiff's efforts to selectively quote from the letter in support of her claims should not, and cannot, trump the complete version of the letter that complies with the FDCPA.

The letter was the initial communication from Palisades and S&R to Plaintiff regarding the debt. (Compl. ¶¶ 32, 34-35.) S&R did not send any additional letters to, or have any other communications with, Plaintiff regarding the debt. (Compl. ¶ 36.)

Plaintiff also makes various factual allegations regarding the letter based on the Complaint's representation of its contents. Plaintiff claims: a) that the letter requires Plaintiff to

advise S&R of the "nature" of her dispute, (Compl. ¶ 37); b) that the letter does not state that a request for verification must be made "in writing," (Compl. ¶ 39); c) that the letter does not state that Plaintiff can dispute any portion of the debt, (Compl. ¶ 40); d) that on April 8, 2008, interest was accruing on the debt, but the letter does not specify the amount of interest Defendants were attempting to collect as of the date of the letter, (Compl. ¶¶ 43-44); and e) that the letter does not advise Plaintiff that if she pays the amount shown, an adjustment may be necessary and, in that event, Defendants will inform her before depositing the check, (Compl. ¶¶ 45-46).

For the reasons set forth below, even accepting the veracity of Plaintiff's factual allegations to the extent required when considering a motion to dismiss under Rule 12(b)(6), the letter taken in its entirety complies with the FDCPA. Plaintiff's claims therefore fail as a matter of law and the Complaint should be dismissed.

## ARGUMENT

### I. STANDARD OF REVIEW

Defendants' Motion to Dismiss presents a discrete legal question. Does the letter attached to Plaintiff's Complaint, on its face, substantially comply with the FDCPA? Because it does, Plaintiff's Complaint must be dismissed.

A motion to dismiss tests the sufficiency of the complaint. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The Court is probably aware that the United States Supreme Court recently tightened, and then reaffirmed, what a plaintiff must allege in order to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure: the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, No. 07-1015, 556 U.S. ___, slip op. at 14 (U.S. May 18, 2009) ("Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice."); see also Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001) ("presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" do not support the legal conclusion). Consequently, to survive a motion to dismiss, a plaintiff must instead plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

While a court must treat the factual allegations in the complaint as true, it need not "accept the legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006). Thus, the Supreme Court made it expressly clear in Ashcroft v. Iqbal that merely stating factual allegations is insufficient to satisfy the pleading standard of Rule 8: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, No. 07-1015, 556 U.S. ___, slip op. at 15 (quoting Fed. R. Civ. P. 8(a)(2)).

Therefore, after a court accepts factual allegations (but not legal conclusions) in a complaint as true, the court must "then determine whether they plausibly give rise to an entitlement to relief." Id. Where, as here, the plaintiff has failed to allege sufficient facts showing that relief is plausible, as opposed to merely possible, dismissal is required. Iqbal, No. 07-1015, 556 U.S. ___, slip op. at 14-15; Giarratano, 521 F.3d at 304.

Notably, all portions of the letter at issue in this case are "in play" on Defendants' Motion to Dismiss, and not just those portions selectively cited by Plaintiff. This is because when ruling on a motion to dismiss, the court may consider documents referred to in or relied on by the complaint. See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir.

2000); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). A plaintiff's complaint may be dismissed if shown to be invalid by the documents upon which it is based. Standard Life & Accident Ins. Co. v. Dewberry & Davis, LLC, 210 Fed. App'x 330, 332-33 (4th Cir. 2006) (affirming dismissal of breach of contract claim where exhibits attached to complaint foreclosed the plaintiff's claims).

Here, the letter that forms the sole basis for Plaintiff's Complaint (and is attached to it) shows that Plaintiff's conclusory statements and unsupported legal inferences hold no water. The letter, on its face, complies with the FDCPA. Thus, Plaintiff's Complaint fails to assert any claim upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. THE DEFENDANTS' LETTER IS NOT THE TYPE OF CONDUCT THE FDCPA IS DESIGNED TO PROHIBIT.

Congress enacted the FDCPA in 1977 with the equal purposes of "eliminat[ing] abusive debt collection practices by debt collectors" and "ensur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). The legislative history of the FDCPA demonstrates that the statute was passed as a broad remedial measure in response to "collection abuses such as the use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) (internal quotation and citation omitted).

Clearly, the Defendants' letter does not fall within the category of abuses Congress intended to stop. In fact, any fair reading of the letter shows it to be an innocuous request that

6
Case 5:09-cv-00043-D   Document 28   Filed 06/19/09   Page 6 of 19

Plaintiff pay money that was clearly owed to Defendant Palisades. Thus, Plaintiff's claims here necessarily involve alleged hyper-technical violations of the FDCPA and do not arise from "obscene or profane language," "threats of violence," etc.

The FDCPA both requires and prohibits specific conduct by debt collectors. When determining whether the FDCPA has been violated, the Fourth Circuit applies an objective test focused on how the "least sophisticated consumer" would interpret the questioned conduct. United States v. Nat'l Fin. Servs. Inc., 98 F.3d 131, 135-36 (4th Cir. 1996) (noting that the least-sophisticated-consumer standard comports with basic consumer-protection principles). The application of the least-sophisticated-consumer standard serves the purpose of the FDCPA in protecting "all consumers, the gullible as well as the shrewd." Nat'l Fin. Servs., 98 F.3d at 136 (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2nd Cir. 1983)).

But in step with the co-equal purpose of the FDCPA, the standard also protects scrupulous debt collectors in that it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Id. (citing Clomon, 988 F.2d at 1319). This standard assumes that a collection notice "is read in its entirety, carefully and with some elementary level of understanding." Fed. Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 510 (6th Cir. 2007) (quoting Martinez v. Law Offices of David J. Stern, P.A. (*In re* Martinez), 266 B.R. 523, 532 (Bankr. S.D. Fla. 2001)).

The least sophisticated consumer is not one who reads a collection notice with "the astuteness of a 'Philadelphia lawyer,'" and therefore the standard "points away from closely parsing a debt collection letter like a municipal bond offering and towards a common sense appraisal of the letter." Jacobson v. Healthcare Fin. Servs. Inc., 434 F. Supp. 2d 133, 138

(E.D.N.Y. 2006) (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)); accord Nat'l Fin. Servs., 98 F.3d at 138 (declining to "adopt a hyper-literal approach which ignores the ordinary connotations and implications of language as it is used in the real world"). Therefore, in order to evaluate whether a notice would sufficiently inform the least sophisticated consumer of her debt validation rights, the court should review the document as a whole, and should not read selected passages out of context. See, e.g., Wilson v. Quadramed Corp., 225 F.3d 350, 356 (3rd Cir. 2000) (reviewing the entirety of the collection letter). Because the "FDCPA is not one-sided," the statute and the least-sophisticated-consumer standard "must be applied with some circumspection." Lamar, 503 F.3d at 510 (quoting Jacobson, 434 F. Supp. 2d at 139).

Finally, whether language in a collection letter complies with the requirements of the FDCPA is a question of law that is appropriate for resolution by way of a motion to dismiss. See, e.g., Dikun v. Streich, 369 F. Supp. 2d 781 (E.D. Va. 2005) (dismissing multiple claims under § 1692g(a) and § 1692e relating to debt collector's letters where the letters clearly complied with the FDCPA's requirements and the complaint failed to state a claim for relief on those counts). When analyzed under the above standards, the Defendants' letter did not violate the FDCPA.

### III. PLAINTIFF'S CLAIMS UNDER § 1692g(a) FAIL AS A MATTER OF LAW.

Section 1692g(a) of the FDCPA requires a debt collector to provide, "[w]ithin five days after the initial communication with a consumer . . . unless the following information is contained in the initial communication," a written debt validation notice informing the debtor of her right to dispute the validity of the debt. The notice must contain the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). In addition to including the required information, the debt validation notice explaining the debtor's rights must be conveyed effectively to the debtor, and must not be overshadowed or contradicted by other messages or information in the letter. Miller v. Payco-Gen. Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir. 1991); see also Nat'l Fin. Servs., 98 F.3d at 139.

### A. Plaintiff's Claims Under § 1692g(a)(1) Relating to the Amount of the Debt Fail as a Matter of Law.

Plaintiff's Complaint alleges that Defendants' letter violates § 1692g(a)(1) by failing to state the amount of the debt. However, the first paragraph of the letter clearly states Palisades "has declared the entire balance due and payable. The outstanding balance of the debt is $1,211.84." The FDCPA requires the notice to contain the amount of the debt; it does not require the letter to use the phrase "amount of the debt." See § 1692(a); Barnes v. Advanced Call Ctr. Techs., LLC, 493 F.3d 838, 841 (7th Cir. 2007). There is nothing ambiguous or contradictory in the letter regarding the amount of the debt—it is the entire outstanding balance and the total amount due from Plaintiff as of the date of the letter (April 8, 2008).

Plaintiff contends that on April 8, 2008, interest was accruing on the debt, and that the letter does not specify the amount of interest Defendants are attempting to collect. (Compl.

¶¶ 43-44.) These factual allegations and the unwarranted inference that, as of the date of the letter, Defendants were attempting to collect any amount beyond the amount stated in the letter, fail to support the legal conclusion that the letter violates § 1692g(a)(1). The letter clearly states the entire obligation as of April 8, 2008, and then simply states further "interest may still be continuing to accrue on the account."

A natural, common sense reading of the letter is that the amount stated is accurate as of the date of the letter, but the amount "may" increase after the date of the letter. When the entire amount of the debt is stated as of the date of the letter, the fact interest may continue to accrue on the debt after that date is "the clear statement of a truism," and does not render the letter in violation of § 1692g(a)(1). Taylor v. Cavalry Inv., L.L.C., 365 F.3d 572, 575 (7th Cir. 2004) (finding dunning letter was not confusing and did not violate FDCPA where the letter set out the principal balance, interest due, and total balance due, and then stated "your account balance may be periodically increased due to the addition of accrued interest or other charges"). The least sophisticated consumer would not misunderstand nor be confused as to the amount due. See id. at 575-76.

Plaintiff further alleges that the letter does not advise Plaintiff that if she pays the amount shown, an adjustment may be necessary after Defendants receive her check and, in that event, Defendants will inform her before depositing the check for collection. (Compl. ¶¶ 45-46.) These allegations likewise fail to support a conclusion that the letter violated § 1692g(a)(1). The FDCPA does not require any such language to be in the debt validation notice, nor does it create any such rights. Plaintiff's allegations appear to refer to the Seventh Circuit's "safe harbor" language:

> We hold that the following statement satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day:

> "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number]."

Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000). Miller did not, however, hold that this "safe harbor" language is required in all validation notices, nor are Defendants aware of any court imposing such a requirement. Miller simply says that if such language is used, there is no liability—and not that an omission of it creates liability.

Thus Plaintiff's factual allegations fail to support the claimed violation of § 1692g(a)(1), and the letter itself forecloses the existence of a violation. Therefore, the Plaintiff's claims of violations of § 1692g(a)(1) should be dismissed.

### B. Plaintiff's Claims Under § 1692g(a)(4) Relating to the Request for Verification Also Fail as a Matter of Law.

Plaintiff's Complaint further alleges that Defendants' letter violates § 1692g(a)(4) by failing to state that Plaintiff can dispute "any portion" of the debt for purposes of verification, and by failing to state that a request for verification of the debt must be "in writing." (Compl. ¶¶ 39-40.) These allegations fail to "plausibly give rise to an entitlement to relief." Iqbal, No. 07-1015, 556 U.S. ___, slip op. at 15. Notwithstanding Plaintiff's meticulous parsing of the letter to quote only selected passages in the Complaint, a natural reading of the letter in its entirety shows that it conveys the information required by the FDCPA.

The second full paragraph of the letter contains all of the information required by § 1692g(a)(3), (4), and (5):

> If you dispute this debt, you must advise us within thirty days from your receipt of this notice as to the nature of your dispute. If we receive such a dispute from you, we will obtain verification of the debt and mail a copy of that verification to you. We will assume the debt is valid unless you dispute it, in

>whole or in part, within that thirty-day period. As we indicated to you above, Palisades Collection, LLC was not the original creditor. You also have thirty days to request, in writing, the name of the original creditor.

(Compl. Ex. A.)

The FDCPA does not mandate the exact wording of a validation notice—only that the notice contain the required information. See § 1692g(a). The notice of the debtor's legal rights must also be effectively conveyed, as measured by the least sophisticated consumer standard. Nat'l Fin. Servs., 98 F.3d at 139; Payco-Gen. Am. Credits, 943 F.2d at 484. In this case, the second paragraph of the letter conveys the required information regarding the debtor's legal rights in plain English, without overshadowing or contradiction, understandable to the least sophisticated consumer who is not tracking the verbatim language of separate FDCPA provisions with lawyerly astuteness.

Section 1692g(a)(4) requires "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt . . . ." Plaintiff alleges that the letter violates § 1692g(a)(4) by failing to state that Plaintiff can dispute "any portion" of the debt for purposes of requesting verification of the debt. A common sense reading of the second paragraph in its entirety shows that Plaintiff's allegation is the kind of bizarre, idiosyncratic interpretation the least-sophisticated-consumer standard prohibits.

The paragraph clearly conveys that Plaintiff can dispute any portion of the debt, "in whole or in part," for all purposes, not just for purposes of requesting verification. Even the least sophisticated consumer would not be misled into thinking that her right to dispute "any portion" of the debt was limited in any way. Cf. Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1028-29 (6th Cir. 1992) (holding collection letter satisfied § 1692g(a)(3) since it was implicit in the letter

that the claim could be wholly or partially challenged, even under least-sophisticated-consumer standard).

Similarly, Plaintiff alleges that the letter also violates § 1692g(a)(4) by failing to state that a request for verification of the debt must be "in writing." Again, when read in its entirety, the letter's second paragraph clearly refers to receiving written communication as it relates to verification. While the first sentence simply requests the debtor to "advise" Defendants of her dispute, from which the debtor could infer that an oral notification may be sufficient simply to dispute the debt, the second sentence states that "[i]f we receive such a dispute from you, we will obtain verification . . . ." This second sentence clearly implies receiving a written notification from the consumer in order to obtain verification, and is echoed in the last sentence of the paragraph: "You also have thirty days to request, in writing, the name of the original creditor."

Further, there is no invitation in this second paragraph to call rather than to write in order to request verification of the debt. In fact, the letter's third paragraph clearly states that if the debtor does not dispute the debt and wishes to make payments, then she is invited to call the telephone number provided. Nothing in these paragraphs could be read as confusing or unclear to the least sophisticated consumer who reads the letter "in its entirety, carefully and with some elementary level of understanding." Lamar, 503 F.3d at 510. The consumer would not misunderstand or be misled into waiving her rights or protections under the FDCPA.

Plaintiff's parsing of the separate FDCPA provisions and the separate sentences of the letter asks this Court to "adopt a hyper-literal approach which ignores the ordinary connotations and implications of language as it is used in the real world." Nat'l Fin. Servs., 98 F.3d at 138. The Court should decline Plaintiff's invitation to apply the requirements of the FDCPA and the least-sophisticated-consumer standard in such a patently unreasonable manner. Plaintiff's claims

13
Case 5:09-cv-00043-D   Document 28   Filed 06/19/09   Page 13 of 19

under § 1692(a)(4) should be dismissed for failure to plead sufficient facts to state a claim to relief that is "plausible on its face." Twombly, 550 U.S. at 570.

### C. Plaintiff's Claims Under § 1692g(a) Relating to "the Nature" of the Dispute Fail as a Matter of Law.

Plaintiff's Complaint also alleges that Defendants' letter violates § 1692g(a) by requiring Plaintiff to advise Defendants of the "nature" of her dispute, because the FDCPA does not require a debtor to advise a debt collector of the "nature" of her dispute. (Compl. ¶¶ 37-38.) Plaintiff's allegations and unwarranted inferences, again, fail to support the legal conclusion that the letter violates the FDCPA.

The exact language of the letter states: "If you dispute this debt, you must advise us within thirty days from your receipt of this notice as to the nature of your dispute. . . . We will assume the debt is valid unless you dispute it, in whole or in part, within that thirty-day period." (Compl. Ex. A.) These sentences are clearly to be read together, given that the phrase "that thirty-day period" in the latter part refers back to the thirty days provided in the first sentence. The reference to "the nature" of the dispute, when understood as part of the whole paragraph and not taken out of context, is easily understood by the least sophisticated consumer as the debtor's option of disputing the validity of the debt "in whole or in part."

Moreover, the paragraph is consistent with the requirements of the FDCPA: the debtor is instructed that she must notify the debt collector "within thirty days after receipt of the notice," that she "disputes the validity of the debt, or any portion thereof," or else "the debt will be assumed to be valid by the debt collector." § 1692(a)(3). The clear language of the statute lays out the required nature of the debtor's dispute: she may dispute the validity of the debt or any portion thereof. Id. The second paragraph of Defendants' letter complies with this requirement

by requesting that Plaintiff state the nature of her dispute—whether she disputes the validity of the debt, in whole or in part.

The letter does not impermissibly require the debtor to provide documentation of her dispute, nor would it mislead the debtor into thinking that she had to state reasons for nonpayment, or for her dispute in general. See, e.g., DeSantis v. Computer Credit, Inc., 269 F.3d 159, 162 (2d Cir. 2001) (holding complaint states an actionable claim where collection letter required "a valid reason for" nonpayment); Sambor v. Omnia Credit Servs., Inc., 183 F. Supp. 2d 1234, 1240 (D. Haw. 2002) (holding that letter violated FDCPA by requiring debtor to provide "suitable dispute documentation"). The letter does not require the Plaintiff to do anything other than notify Defendants as to whether she is disputing the validity of the debt, in whole or in part, in compliance with the FDCPA. The use of the word "nature" is mere surplusage, given the remaining language simply requiring notification of a dispute "in whole or in part." The least sophisticated consumer, reading this paragraph in order to understand her legal rights, would not be confused or misled by this letter.

Thus, notwithstanding Plaintiff's unwarranted inference that the letter impermissibly requires more than the FDCPA permits, the letter clearly requests only what the FDCPA permits. The FDCPA "is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one." White v. Goodman, 200 F.3d 1016, 1020 (7th Cir. 2000). As the letter in this case, when considered under the least-sophisticated-consumer standard, belies the allegations and unwarranted inferences in the Complaint, Plaintiff's claims should be dismissed.

**IV.   PLAINTIFF'S CLAIMS UNDER § 1692e FAIL AS A MATTER OF LAW.**

Plaintiff's final claims are her most vague and conclusory.  Plaintiff claims that the letter violates § 1692e and § 1692e(10) of the FDCPA by using "false, deceptive, or misleading representations or means in connection with the collection of any debt."  (Compl. ¶¶ 50, 65A.)  In this, Plaintiff's Complaint simply tracks the language of the statute.  The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," § 1692e, and specifically bars "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," § 1692e(10).

Beyond the formulaic recitation of the statute, nowhere in the Complaint does Plaintiff state any factual allegations supporting this claim.  As a result, the Complaint forces Defendants, and this Court, to search the Complaint for allegations that might support the claim.

It is possible that Plaintiff's allegations in paragraphs 41 and 42 of the Complaint are intended to support this claim.  Plaintiff alleges that "[n]o law provides that [Plaintiff] may only dispute the [d]ebt within thirty days of her receipt of the initial communication from S&R.  The FDCPA permits [Plaintiff] to dispute the [d]ebt at any time."  (Compl. ¶¶ 41-42.)  Disregarding for the moment the fact that these are legal conclusions masquerading as factual allegations, Plaintiff appears to be implying that the letter's thirty-day period to dispute the debt is somehow false, deceptive, or misleading to the least sophisticated consumer.  Yet the clear language of the statute states the initial communication from the debt collector may contain the required information, which includes the statement that the debtor has thirty days after receipt of the notice to dispute the validity of the debt, or else the debt will be assumed to be valid. § 1692(a), (a)(3).  There is nothing false, deceptive, or misleading in the letter.

Plaintiff may be attempting to contend, generally, that because the letter purportedly violated provisions of § 1692g(a), it was also false, deceptive, or misleading in violation of § 1692e and § 1692e(10). However, as discussed above, Plaintiff's unwarranted inferences and strained, idiosyncratic reading of the letter is not sufficient to state a plausible entitlement to relief for violation of the requirements of § 1692g(a). As the letter does not violate § 1692g(a), it will not support a finding of violations of § 1692e or § 1692e(10). Lamar, 503 F.3d at 512.

Most importantly, the Complaint completely fails to state factual allegations supporting this claim. Plaintiff makes conclusory legal assertions of the purported violations of § 1692e and § 1692e(10), but the Complaint does not set forth any facts that would support the claim. Plaintiff's allegations merely state legal conclusions and vague, idiosyncratic readings of the letter, which are not consistent with the least-sophisticated-consumer standard. Since "Plaintiff does not set forth facts that would constitute a false, deceptive, or misleading representation by Defendants in violation of § 1692e," Plaintiff's claims must be dismissed. Dikun, 369 F. Supp. 2d at 787.

Congress enacted the FDCPA in order to combat egregious abuses by debt collectors that are real and troubling. Unfortunately, because of the availability of almost strict-liability awards of statutory damages and attorney's fees, and the application of the least-sophisticated-consumer standard, the "cottage industry that has emerged does not bring suits to remedy" those abuses. Jacobson, 434 F. Supp. 2d at 138. Instead, a debtor, upon receiving a collection letter requesting payment for a debt rightfully owed, scrutinizes the letter for "some minute variation from the statute's requirements," and "repairs to his lawyer's office to vindicate a perceived 'wrong.'" Id. at 138-39.

This is the case with Plaintiff's Complaint. By parsing Defendants' letter in a completely unreasonable fashion, rather than making a common sense reading of the letter in its entirety, Plaintiff attempts to take minute variations from the statute's requirements and exaggerate them into a class action lawsuit worth (allegedly) hundreds of thousands of dollars, and of course, Plaintiff's attorney's fees. The law does not allow, and this Court should dismiss, a lawsuit "based on frivolous misinterpretations or nonsensical assertions of being led astray." Id. at 138.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendants Sessoms & Rogers, P.A., Lee C. Rogers, and Palisades Collection, LLC respectfully submit that the claims in Plaintiff's Complaint fail as a matter of law, and should be dismissed in their entirety.

This 19th day of June, 2009.

    Moore & Van Allen PLLC

    /s/ Jeffrey M. Young
    Jeffrey M. Young (N.C. Bar No. 21319)
    Dauna L. Bartley (N.C. Bar No. 38016)
    P.O. Box 13706
    Research Triangle Park, NC 27709
    Telephone: (919) 286-8000
    Facsimile: (919) 286-8199
    jeffyoung@mvalaw.com
    daunabartley@mvalaw.com

    ***Attorneys for Defendants***

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **Memorandum of Law in Support of Defendants' Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Angela Orso Martin, Esq.        angela@angelamartinlaw.com
    *Attorney for Plaintiff*

    Craig M. Shapiro, Esq.         craig@horwitzlaw.com
    *Attorney for Plaintiff*

Dated: June 19, 2009

    /s/ Jeffrey M. Young
    Jeffrey M. Young (N.C. Bar No. 21319)
    Dauna L. Bartley (N.C. Bar No. 38016)
    P.O. Box 13706
    Research Triangle Park, NC 27709
    Telephone: (919) 286-8000
    Facsimile: (919) 286-8199
    jeffyoung@mvalaw.com
    daunabartley@mvalaw.com

    ***Attorneys for Defendants***