IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-43-D

| | |
|---|---|
| VANESSA BEASLEY, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER** |
| SESSOMS & ROGERS, P.A., LEE C. ROGERS, and PALISADES COLLECTION, LLC, ) ) ) ) ) | |
| Defendant. ) | |

This matter comes before the Court on the parties' joint motion for protective order [DE-39] and Plaintiff Vanessa Beasley's motion to compel disclosures under Rule 26(a)(1)(A)(iv) [DE-32]. Defendants Sessoms & Rogers, P.A., Lee C. Rogers, and Palisades Collection, LLC have responded to the motion to compel. [DE-35.] The parties have provided separate drafts of the protective order, as they do not agree on all the provisions. [DE-39.] These issues are now ripe for review.

## STATEMENT OF THE CASE

Plaintiff brought this class action suit against Defendants alleging a violation of the Fair Debt Collection Practices Act, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. 15 U.S.C. §§ 1692 et seq.

During discovery, Defendants provided their initial disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. However, they refused to provide any information regarding insurance agreements because Defendants stated, "No relevant insurance

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-43-D

| | |
|---|---|
| VANESSA BEASLEY, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **ORDER** |
| SESSOMS & ROGERS, P.A., LEE C. ROGERS, and PALISADES COLLECTION, LLC, | ) ) ) ) |
| Defendant. | ) |

This matter comes before the Court on the parties' joint motion for protective order [DE-39] and Plaintiff Vanessa Beasley's motion to compel disclosures under Rule 26(a)(1)(A)(iv) [DE-32]. Defendants Sessoms & Rogers, P.A., Lee C. Rogers, and Palisades Collection, LLC have responded to the motion to compel. [DE-35.] The parties have provided separate drafts of the protective order, as they do not agree on all the provisions. [DE-39.] These issues are now ripe for review.

## STATEMENT OF THE CASE

Plaintiff brought this class action suit against Defendants alleging a violation of the Fair Debt Collection Practices Act, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. 15 U.S.C. §§ 1692 et seq.

During discovery, Defendants provided their initial disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. However, they refused to provide any information regarding insurance agreements because Defendants stated, "No relevant insurance

policies have been identified at this time." Pl. Mot. to Compel, Ex. 1. Plaintiff's counsel contacted Defendants because he believed that Defendants did have relevant insurance policies that needed to be disclosed. Pl. Mot. to Compel, Ex. 2.

Plaintiff requested in her First Set of Discovery Requests that Defendants produce "All insurance policies covering each Defendant for the conduct alleged in the Class Action Complaint." Defendants' response provided:

> Defendants object on the grounds that this request seeks confidential and proprietary information. Subject to this objection, and the General Objections, Defendants will produce relevant, non-privileged, and non-proprietary documents that are in Defendants' possession and responsive to this Request after the entry of an appropriate protective order in this case. Defendants will produce such documents at a time and place to be agreed upon by the parties.

Pl. Mot. to Compel, Ex. 4.

The parties continued to correspond regarding production of the insurance policies. Plaintiff then filed the current motion to compel production of Defendants' insurance policies.

## DISCUSSION

A.   <u>Protective Order [DE-39]</u>

The parties have filed a joint motion for protective order and have provided the court with two drafts, as they do not agree on all provisions. The disagreements lie with 1) the process by which a party may object to confidential designations, and 2) whether insurance agreements are covered by the protective order.

The parties suggest different frameworks for objecting to confidential designations. Plaintiff's protective order provides the following:

> Plaintiffs Proposed Draft inserts an additional paragraph as a new Paragraph 5, which permits a party to object to any CONFIDENTIAL designation. Then, if the parties are not able to resolve the dispute within 14 days, the party seeking the CONFIDENTIAL designation must within 21 days seek an order from this Court that the document should be treated as CONFIDENTIAL. If the designating party

> fails to seek relief from this Court within 21 days, the confidential designation shall be removed and the document will not be protected.

Pl.'s Proposed Protective Order at 3-4. Defendants' protective order, however, provides that all documents designated by the protective order will be subject to it, absent a stipulation by the parties or order by the court. Def.'s Proposed Protective Order at 2. If a party opposes a confidential designation for any given document, the opposing party must challenge that designation by filing an appropriate motion with the court. The onus would still be on the party requesting the protective order to establish good cause. The Court concludes that Defendants' proposed protective order sufficiently safeguards the confidentiality of documents covered by the protective order. Accordingly, with regard to the framework for objecting to confidential designations, the Court adopts Defendants' proposed protective order.

B.  <u>Motion to Compel [DE-32]</u>

Plaintiff requests that the Court compel Defendant to provide any and all insurance agreements "under which an insurance business may be liable to satisfy all or part of a possible judgment. . ." as required under Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(1)(A). Defendants agree that they are required to produce the insurance agreement documents. Def.'s Resp. at 2. However, Defendants have refused to turn over these documents without a protective order, as they claim that the information contained in the insurance agreements is confidential and proprietary.

Insurance agreements are not categorically protected and, in fact, are generally produced as part of initial disclosures without the need for a protective order. The Court concludes that Defendants must produce the insurance agreements, but may do so pursuant to the protective order. However, if after reviewing the documents Plaintiffs believe that confidentiality is unwarranted, they may object to the confidential designation pursuant to the terms of the

3

protective order.  Defendants are reminded that if the confidential designation is so challenged, it will be their burden to establish good cause for protection of the agreements, which cannot be shown by conclusory reference to "confidential and proprietary" information. See Morock v. Chautauqua, No. 8:07-CV-210-T17-MAP, 2007 WL 2875223, at *1  (M.D. Fla. 2007) (denying a party's request for a protective order over an insurance policy that needed to be disclosed pursuant to Rule 26(a)(1)(A)(iv) because the party did not specify why the agreements needed to be so protected, other than asserting that it contained "confidential and sensitive information").

## CONCLUSION

Plaintiff's motion to compel is **GRANTED**; Defendants are **ORDERED** produce the insurance agreements.  [DE-32.]  In addition, the Court adopts Defendants' version of the joint protective order. [DE-39.]  The parties shall file a signed copy of Defendants' protective order within seven days of the date of this order.

This the 20th day of January, 2010.

_____
DAVID W. DANIEL
United States Magistrate Judge